# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

KIMBERLY R. PHILLIPS,

    *Defendant.*

Case No. 17-10128-EFM

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Kimberly Phillips' Motion for Resentencing in Light of New Evidence and Motion to Dismiss Count 8 (Doc. 51). Phillips challenges her conviction and sentence on Count 8 of the Indictment—carrying a firearm during and in relation to a drug trafficking crime. For reasons stated below, the Court denies Phillips' motion.

### I.    Factual and Procedural Background

On July 27, 2018, Phillips pleaded guilty to Counts 1 and 8 of the Indictment. Count 1 charges a violation of 21 U.S.C. § 841(a)(1)—possession with the intent to distribute a controlled substance. Count 8 charges a violation of 18 U.S.C. § 924(c)(1)(A)—carrying a firearm during and in relation to a drug trafficking crime. On November 28, 2018, the Court sentenced Phillips to 84 months imprisonment, four years of supervised release, and a $250 special assessment. Phillips did not file a direct appeal to the Tenth Circuit Court of Appeals.

On August 19, 2019, Phillips filed this motion for resentencing and dismissal of Count 8 of the Indictment seeking:

> with respect to this motion I am requesting double jeopardy clause to apply, as I am seeking the 924 c on count 8 to be withdrawn and the respective consequences subtracted, including time in prison, supervised time, and monetary fines. In light of the new evidence, I strenuously plead with the court the remaining balance of my sentence to be spent productively participating in the Rdap program in a minimum security camp, close to home. To graduate into reintegration and home confinement. In addition to dismissal of count 8.

Phillip contends that her conviction and accompanying sentence as to Count 8 are unlawful under the Supreme Court's recent decision in *United States v. Davis*,[1] which holds that the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague.[2]

## II. Analysis

**A. The Court will not recharacterize Phillips' motion.**

Phillips has characterized her motion as a "Motion for Resentencing in Light of New Evidence." The Court, however, does not have jurisdiction to resentence Phillips. A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so.[3] In 18 U.S.C. § 3582(c)(1), Congress set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in extraordinary circumstances or where defendant has reached 70 years of age and at least 30 years

---

[1] -- U.S. --, 139 S. Ct. 2319, 204 L. Ed. 2d 757 (2019).

[2] *Id.* at 2336 ("We agree with the court of appeals' conclusion that § 924(c)(3)(B) is unconstitutionally vague.").

[3] 18 U.S.C. § 3582(c); *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).

in prison; (2) when "expressly permitted by statute or Rule 35;"[4] and (3) when the defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."[5] None of these exceptions apply in this case.[6] Furthermore, the Court does not have inherent authority to resentence a defendant.[7]

The Court has discretion to construe Phillips' motion as a Petition to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. A § 2255 petition is "the exclusive remedy for a federal prisoner attacking the legality of his detention."[8] Here, Phillips asks for Count 8 to be withdrawn because the Supreme Court held that a portion of the statute she was convicted under is unconstitutionally vague. Thus, Phillips' motion attacks the legality of her conviction and sentence and could be construed as a § 2255 petition.

The Court, however, declines to do so. A prisoner only has one opportunity to have a § 2255 petition considered on the merits, and successive petitions are generally barred.[9] As explained below, Phillips' claim for relief is not legally cognizable, and thus, if the Court were to recharacterize her petition in this instance, it would be a bar to any further § 2255 petition she may

---

[4] Rule 35 of the Federal Rules of Criminal Procedure authorizes resentencing to reflect defendant's substantial assistance on motion of the government and to correct arithmetical, technical, or other clear error within 14 days of sentencing. Neither of these conditions apply here.

[5] 18 U.S.C. § 3582(c)(1)(A), (c)(1)(B), (c)(2); *see Blackwell*, 81 F.3d at 947-48.

[6] Additionally, Rule 36 of the Federal Rules of Criminal Procedure authorizes a court to correct clerical-type errors in a judgment, order, or other part of the record. But, Phillips has not requested this type of correction in her motion, and thus this exception is not applicable here.

[7] *Blackwell*, 81 F.3d at 949 (citations omitted).

[8] *Boose v. Maye*, 2016 WL 492745, at *2 (D. Kan. 2016) (citing *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999)).

[9] *See Cleaver v. Maye*, 773 F.3d 230, 232 (10th Cir. 2014) (stating that successive § 2255 petitions are generally barred but may be allowed under certain circumstances, including "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no factfinder would have found the movant guilty of the offense.").

file. Therefore, the Court will not treat Phillips' motion as a petition to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

**B.     *Davis* does not affect the validity of Phillips' conviction or sentence.**

Even if the Court had jurisdiction to resentence Phillips, her motion must still be denied. Phillips was convicted under 18 U.S.C. § 924(c)(1)(A)—a statute that "threatens long prison sentences for anyone who uses a firearm in connection with certain other federal crimes."[10] Specifically, the statute provides:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any ***crime of violence or drug trafficking crime*** . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime –
>
> (i) be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.[11]

The statute further defines a "crime of violence" as an offense that is a felony and:

> (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.[12]

---

[10] *Davis*, 139 S. Ct. at 2323.

[11] 18 U.S.C. § 924(c)(1)(A) (emphasis added).

[12] *Id*. § 924(c)(3).

The definition set forth in paragraph (A) is referred to as the "elements clause," while the definition in paragraph (B) is referred to as the "residual clause." The *Davis* decision struck down the residual clause as unconstitutionally vague under due process and separation of powers principles.[13]

In this case, Phillips was convicted of carrying of a firearm during and in relation to a drug trafficking crime. The *Davis* decision only invalidates the residual clause of the "crime of violence" definition. It does not invalidate that portion of § 924(c)(1)(A) addressing "drug trafficking crime[s]." Therefore, *Davis* has no effect on Phillips' conviction and sentence.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Resentencing in Light of New Evidence and Motion to Dismiss Count 8 (Doc. 51) is **DENIED** for lack of jurisdiction.

**IT IS SO ORDERED**.

Dated this 11th day of September, 2019.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[13] *Davis*, 139 S. Ct. at 2336.