# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 17-10128-EFM

KIMBERLY R. PHILLIPS,

    *Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Kimberly R. Phillips' Motion for Compassionate Release and Reduction of Sentence under 18 U.S.C. § 3582(c)(1)(A) (Doc. 54). She seeks early release from prison due to the COVID-19 pandemic. The government opposes Defendant's motion. For the reasons stated in more detail below, the Court denies Defendant's motion.

### I.     Factual and Procedural Background

On July 27, 2018, Defendant pleaded guilty to possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). On November 27, 2018, Defendant was sentenced to 84 months' imprisonment.

Defendant is 37 years old, and she is currently incarcerated at Carswell FMC. There have been 497 positive cases in the facility in which Defendant is housed, and six inmates have died.[1] Currently, there are two active inmate cases, three active staff cases, and two pending inmate tests.[2] Defendant's projected release date is August 26, 2023.

On October 16, 2020, Defendant filed a motion seeking early release from prison due to contracting COVID-19 and her underlying health condition of obesity affecting the severity of her COVID-19 symptoms. Defendant is now represented by counsel,[3] and she proposes release with a two-year term of home confinement as a condition of supervised release, followed by the remaining two-year term of supervised release.

## II.     Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file her own motion for release.[4] It allows defendants to seek early release from prison provided certain conditions are met. First, "a criminal defendant may file a motion for compassionate release only if: '(1) [s]he has exhausted all administrative rights to appeal the [Bureau of Prisons' ("BOP")] failure to bring a motion on [her] behalf, or (2) 30 days have passed

---

[1] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited December 14, 2020).

[2] *Id.*

[3] The Federal Public Defender ("FPD") filed a reply brief on behalf of Defendant.

[4] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

since the warden of [her] facility received [her] request for the BOP to file a motion on [her] behalf.' "[5] The administrative exhaustion requirement is jurisdictional and cannot be waived.[6]

Next, if a defendant satisfies the exhaustion requirement, the Court may reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the Court determines: (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[7] Finally, the Court must ensure that any reduction in the defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[8]

---

[5] *United States v. Boyles*, 2020 WL 1819887, at *2 (D. Kan. 2020) (citing *United States v. Alam*, 2020 WL 1703881, at *2 (E.D. Mich. 2020)); *see also* 18 U.S.C. § 3582(c)(1)(A).

[6] *See United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1116-17 (D. Kan. 2020) (examining the text, context, and historical treatment of § 3582(c)'s subsections to determine that the exhaustion requirement is jurisdictional); *Boyles*, 2020 WL 1819887, at *2 (determining that exhaustion of administrative remedies is a prerequisite for the court's jurisdiction); *cf. United States v. Younger*, 2020 WL 3429490, at *3 (D. Kan. 2020) (reasoning that the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[7] 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).

[8] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission's policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

### III.   Analysis

Defendant seeks early release based on her underlying medical condition of obesity, the spread of COVID-19 in prison, and her contraction of the virus. The government asserts that Defendant is not an appropriate candidate for early release.

**A.   Exhaustion**

Defendant has satisfied the exhaustion requirement described in § 3582(c). She requested compassionate release from the Warden which was denied on August 27, 2020. The government also admits that Defendant meets the exhaustion requirement. Thus, the Court will proceed and determine the merits of Defendant's motion.

**B.   Extraordinary and Compelling Reasons**

Defendant next asserts that her underlying health condition of obesity, coupled with the outbreak of COVID-19, and her contraction of the virus, constitutes an extraordinary and compelling reason warranting a sentence reduction under § 3582(c)(1)(A). Obesity is listed by the Centers for Disease Control and Prevention ("CDC") as a condition that increases the risk for severe illness from COVID-19.[9] In addition, Defendant was diagnosed with COVID-19 in late July and/or early August.

The government and Defendant disagree as to the severity of Defendant's symptoms and continuing effects. The government contends that Defendant's medical records indicate that Defendant was largely asymptomatic and had no significant side effects. Defendant asserts that

---

[9] CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited December 14, 2020). The government concedes that per Department of Justice ("DOJ") policy and CDC guidance, Defendant's medical condition of obesity, in the context of the COVID-19 pandemic, constitutes an extraordinary and compelling reason. The government contends, however, that when balanced with the § 3553(a) factors, Defendant fails to demonstrate a situation so severe that release is warranted.

she had strong body pains, diarrhea, and vomiting. She states that she continues to have extreme headaches that are so severe they cause her to vomit. Thus, she asserts that she continues to have significant medical side effects, and there is the possibility of re-contracting COVID-19 in prison with additional complications.

The Court is sympathetic to Defendant's concerns and recognizes that Defendant's risk of complications from COVID-19 may be higher due to her underlying health condition of obesity if she were to contract it a second time.[10] Defendant, however, has already contracted COVID-19. Although it appears Defendant may have a lingering symptom of severe headaches, the Court does not find this lingering effect, or the possibility of contracting COVID-19 a second time, an extraordinary or compelling reason warranting release from prison.  Thus, Defendant does not meet her burden. Nevertheless, the Court will move on to consider the 3553(a) factors.

**C.      Section 3553(a) Factors**

The Court's conclusion is bolstered when it considers whether Defendant's sentence reduction would comply with the sentencing factors enumerated in 18 U.S.C. § 3553(a) "to the extent that they are applicable."[11] Some of these factors include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentence disparities.[12]

---

[10] The medical evidence about contracting COVID-19, and its effects, for a second time is ever changing.

[11] 18 U.S.C. § 3582(c)(1).

[12] 18 U.S.C. § 3553(a).

Defendant pleaded guilty to the serious offenses of possession with intent to distribute a controlled substance and carrying a firearm during and in relation to a drug trafficking crime. The sentencing guideline range was 168 to 210 months based on Defendant's total offense level and criminal history category. The Court departed downward from the guideline range and sentenced Defendant to 84 months' imprisonment. Thus, Defendant received a significant reduction in prison time.

At this point, Defendant has served approximately 60 percent of this sentence and has about three years left to serve. The Court remains convinced that 84 months is the appropriate sentence. Reducing Defendant's sentence to time served would not reflect the seriousness of Defendant's criminal conduct nor provide adequate deterrence or appropriate punishment. Furthermore, Defendant has already contracted COVID-19, and while she may have some lingering symptoms, severe headaches are generally not an extraordinary reason warranting release from prison. The Court finds that the 84-month sentence originally imposed remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense involved. Accordingly, the Court finds that Defendant does not demonstrate extraordinary and compelling reasons to warrant her early release from prison.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Motion for Compassionate Release and Reduction of Sentence under 18 U.S.C. § 3582(c)(1)(A) (Doc. 54) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 15th day of December, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE